Bottom v. Commonwealth.

---

CASE 7—INDICTMENT—SEPTEMBER 21.

## Bottom v. Commonwealth.

APPEAL FROM MERCER CIRCUIT COURT.

1. THE PUNISHMENT FOR A COMMON LAW ASSAULT is fine or imprisonment, or both fine and imprisonment, in the discretion of the jury. And an instruction giving the jury the power to fix the fine for any sum within their discretion, and the imprisonment for any length of time within their discretion, is not liable to the objection that it gives arbitrary power to the jury over the property and liberty of the citizen.
2. THE LIMITATION OF THE PUNISHMENT FOR BREACHES OF THE PEACE to a fine of $100 and imprisonment for thirty days is not applicable under an indictment in the circuit court where an actual assault with force and violence is made.

**Vol. 98.–2.**

3. PUTTING DEFENDANT AT HARD LABOR FOR NON-PAYMENT OF
FINE.—Section 1377 of the Kentucky Statutes, which provides
that in all cases where the jury have fixed a fine or imprisonment,
they may provide in their verdict that if not paid the party may
be kept at hard labor, is an amendment to common law punish-
ments, as well as those specifically fixed by statute; and it was
within the power of the legislature to make this statute apply to
common law as well as to statutory punishments.

THOMPSON & WILSON AND T. W. CARDWELL FOR APPELLANT.

1. A simple assault is not as high an offense against the law as when
accompanied by a battery. (Cornelison v. Commonwealth, 84 Ky.,
598.)
2. To allow the jury, in their discretion, to fine and imprison without
limit is to give them absolute power over the life and liberty of
the citizen.
3. "Hard labor" is not a part of the common law punishment for an
assault and battery, or an assault alone. And section 1377 of the
Kentucky Statutes, which provides for such punishment, applies
only to statutory offenses.

WM. J, HENDRICK, ATTORNEY-GENERAL, FOR APPELLEE.

The instructions are a clear and distinct statement of the law of the
case. (Cornelison v. Commonwealth, 84 Ky., 598.)

JUDGE GRACE DELIVERED THE OPINION OF THE COURT.

This is an appeal by Geo. C. Bottom, from a judgment of
the Mercer Circuit Court, for six hundred and seventy-five
dollars rendered upon the verdict of a jury under an indict-
ment filed in said court against one Henry Passmore and
Geo. C. Bottom for assault committed on the person of John
S. Storrs.

Bottom alone was on trial.

The appellant complains in his motion for a new trial that
the verdict was made and case decided in a manner other
than by a fair expression of opinion by the jurors.

In support of this no affidavit was filed, nor any evidence
offered.

A second ground relied on is that the court misinstructed

the jury and did not correctly give the whole law of the case.

The instruction given, waiving the more formal parts, tells the jury in substance that if they believe from the evidence to the exclusion of all reasonable doubt that Henry C. Passmore in this county and State, and within twelve months before the finding of the indictment, assaulted John S. Storrs, by throwing or striking in a hostile manner at said Storrs, and if they further believe from the evidence, beyond a reasonable doubt, that at the time of said assault or a short time preceding it and while the difficulty was going on in Burke's store, the defendant Bottom was present and by word, act or deed, encouraged or advised Passmore to do any violence to Storrs, then they will find the defendant Bottom guilty and fix his punishment at a fine for any sum within their discretion, or at imprisonment in the county jail any length of time within their discretion, or both by fine and imprisonment.

2d. If they have a reasonable doubt as to whether defendant has been proven guilty they will acquit.

3d. If they find defendant guilty, they may provide in their verdict that the defendant shall work at hard labor until the fine and cost are satisfied or until the imprisonment is satisfied, or until both are satisfied.

These instructions seem to be in the usual form, and the chief objections to them made by counsel in argument are, first, that they give arbitrary power to the jury over the property and liberty of the citizen in this, that they may punish in their discretion.

This we apprehend is not well taken. This right and duty of the jury in fixing the punishment according to their discretion on the trial of common-law offenses has never been questioned, is as old as the common law itself, and an im-

portant part of it, and has always been the uniform practice
in Kentucky.

Of course it was never intended to be arbitrary, but con-
trolled by, and apportioned to, the enormity of the offense
committed, and under other provisions of our law  that ver-
dicts given under the influence of passion or for excessive
punishment  shall be set aside by the court, makes this dis-
cretion easily controlled by the courts.

Another objection made to the instruction is that it
should have limited the punishment of accused to a fine of
one hundred dollars and imprisonment for thirty days.

Since the decision of the Cornelison case, this limitation
for breaches of the peace has not been held applicable.
Where an actual assault with force and violence is made,
and under an indictment in the circuit court, we still adhere
to the construction of the law as made in that case.   It has
been uniformly followed in Kentucky since its rendition.

Appellant further complains that while by the common
law, the punishment was limited to fine and imprisonment,
yet in this case there is annexed to this punishment, by
the verdict of the jury and  the judgment of  the court, an
order for the defendant to be kept at hard labor if the fine is
not paid.

This is by reason of section 1377 of the Kentucky Statutes
which so provides and authorizes in all cases where the jury
have fixed a fine or imprisonment, that they may provide by
their verdict that if not paid the party may be kept at hard
labor.

A subsequent section fixing $1.00 per day as the rate to
be allowed in payment of the fine, was provided for in
the judgment.   This is an amendment both to the common
law punishments and those specifically fixed by statute as

well. We note no distinction in the law. Nor can we per
ceive any in principle.

It was certainly competent for the legislative power to
make this amendment to the common law punishments.

We do not deem it necessary to recite the evidence in sup-
port of the verdict of the jury. Suffice it to say that the
assault was in all its details a most outrageous and unpro-
voked affair, and while Passmore was the chief actor, yet
that Bottom was present, encouraging Passmore, saying,
"Kill him, Henry, I will stand by you. Whip him, Henry, I
will stand by you."

Bottom is also shown to have been in search of Storrs,
and asking for a black-snake whip and saying, "We will get
him."

The verdict being approved by the trial judge, we do not
feel authorized to interfere.

Judgment affirmed.